UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00032-GNS-HBB

JOCYE L.[1]                                                                                    PLAINTIFF

VS.

KILOLO KIJAKAZI, ACTING COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                   DEFENDANT

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

### BACKGROUND

Before the Court is the complaint (DN 1) of Joyce L. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 14) and Defendant (DN 18) have filed a Fact and Law Summary. Plaintiff filed a reply brief (DN 19). For the reasons that follow, the undersigned **RECOMMENDS** that the Court **AFFIRM** the final decision of the Commissioner, and judgment be **GRANTED** for the Commissioner.

Pursuant to General Order No. 2019-11 and 28 U.S.C. § 636(b)(1)(B), this matter has been referred to the undersigned United States Magistrate Judge to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law, and Recommendations. By Order entered April 27, 2023 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

On June 24, 2020, Plaintiff filed an application for disability insurance benefits and on June 17, 2020, Plaintiff filed for supplemental security income (Tr. 16). Plaintiff alleged that she became disabled on August 28, 2019, as a result of degenerative disc disease and hypertension (Tr.

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

65, 78). Plaintiff's application was denied initially on February 21, 2021, and upon reconsideration on June 14, 2021 (Tr. 16, 89, 91, 103, 104). On June 21, 2021, Plaintiff completed a written request for a hearing (Tr. 125-127).

Administrative Law Judge Maribeth McMahon ("ALJ") conducted a telephonic hearing on January 12, 2022, due to the extraordinary circumstances presented by the COVID-19 Pandemic (Tr. 16, 31). Plaintiff and her attorney representative, Jamilah Katley, participated on the call, as did her non-attorney representative, Andrew S. Youngman (Id.). Don Stephens, M.Ed., an impartial vocational expert, testified during the hearing (Id.). At the hearing, Plaintiff amended her alleged onset date to January 1, 2020 (Tr. Id.).

In a decision dated March 16, 2022, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 16-28). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 1, 2020, the alleged onset date (Tr. 18). At the second step, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease, hypertension, and obesity (Tr. 19). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 20).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC"), to perform medium work, except she is limited to frequent reaching with the bilateral upper extremities; pushing and pulling are otherwise unlimited; she can lift and carry fifty pounds occasionally and twenty-five pounds frequently; she can sit, stand, and walk each up to six hours in an eight-hour workday with normal breaks; she can frequently climb ladders, ropes, scaffolds, ramps, and stairs; she can frequently stop, kneel, crouch, and crawl; she should avoid concentrated exposure to vibrations (Tr. 21). At step five, the ALJ found that considering Plaintiff's age,

education, work experience, and RFC, the Plaintiff is capable of performing past relevant work as a laundry worker II and hospital housekeeper (Tr. 27). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act since January 1, 2020 (Tr. 28).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 167-70). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the

evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton, 2 F.3d at 695-96.

## The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits to persons with disabilities. 42 U.S.C. §§ 401 *et seq.* (Title II Disability Insurance Benefits), 1381 *et seq.* (Title XVI Supplemental Security Income). The term "disability" is defined as an inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work

4

>       experience allow him or her to perform a significant number
>       of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

Challenge to the ALJ's Decision

1. Arguments of the Parties

Plaintiff raises one argument to the RFC by challenging the ALJ's treatment of APRN Sue Robertson's medical opinion (DN 14-1, PageID # 848-55). Plaintiff contends the ALJ failed to evaluate APRN Robertson's opinion in accordance with the regulations, specifically claiming the ALJ failed to articulate how she evaluated the supportability and consistency factors.[2]  20 C.F.R. § 416.920c (1)-(5). In response, Defendant argues substantial evidence supports the ALJ's decision and the ALJ adequately explained her persuasiveness evaluation of APRN Robertson's opinion (DN 18). Plaintiff's reply brief states that she is seeking "remand based upon misapplication of the controlling law" and therefore the substantial evidence standard does not apply (DN 19 PageID # 878-79).

2. Applicable Law

The new regulations for evaluating medical opinions and prior administrative medical findings are applicable to Plaintiff's case because she filed her application after March 27, 2017 (Tr. 15). *See* 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),"[3] in the record, even if it comes from a

---

[2] In Plaintiff's Fact and Law Summary, she argued that outside the summary of APRN Robertson's treatment notes and opinion, the ALJ did not conduct an analysis of the opinion nor did the ALJ make an "effort to individually evaluate any of the medical opinions" (DN 14-1 PageID # 855). In her reply brief, Plaintiff "concedes that the ALJ concludes that Nurse Robertson's opinion is unpersuasive" (DN 19).

[3] At the initial and reconsideration levels State agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings." 20 C.F.R. §§ 404.1513a(a)(1), 416.913a(a)(1). Administrative law judges "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

treating medical source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[4] Instead, Administrative Law Judges will now evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).[5] Of these five factors, the two most important are supportability and consistency. 20 C.F.R. §§ 404.1520c(a) and (b)(2), 416.920c(a) and (b)(2). Further, the regulation requires Administrative Law Judges to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Notably, under the regulations Administrative Law Judges "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

3. Discussion

Plaintiff argues that while the ALJ accurately summarized APRN Robertson's treatment notes and opinion, the ALJ did not discuss the supportability or consistency factors when explaining why the opinion was not persuasive (DN 14 PageID # 855). However, the ALJ discusses the consistency and supportability factor of the opinion's limitations with:

> the undersigned finds this opinion unpersuasive. The limitations are in stark contrast to the normal physical examinations in Ms. Robertson's treatment notes as well as the finding of the consultative examination. The limitations are most

---

[4] The language quoted above indicates that the new regulation has done away with the controlling weight rule in 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2).

[5] In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)-(v), 416.920c(c)(3)(i)-(v).

6

>consistent with the claimant's subjective reports, which are not fully supported by the medical evidence of record given her positive response to medication and physical therapy.

(Tr. 24). The ALJ clearly explains her analysis as to why the opinion's physical limitations were not persuasive. Earlier in the decision than the above quote, the ALJ, in-detail, described the normal physical examination findings in APRN Robertson's treatment notes, the physical therapy reports, the examination findings of consultative examiner Klinginsmith, M.D., all of which the ALJ used to find Robertson's limitations were not consistent with the evidence in the record (Tr. 21-23). Further, the ALJ states that APRN Robertson's limitations are consistent with Plaintiff's subjective reports, which the ALJ reasoned was not supported by the medical evidence, citing Plaintiff's positive response to medication and physical therapy without seeking more aggressive treatment and that her treatment was limited to routine follow-ups without urgent care or emergency for her uncontrolled back pain and hypertension (Tr. 24-25). Though the ALJ does not specifically use the phrase supportability when discussing APRN Robertson's opinion, her statement that the physical limitations are in "stark contrast" with her own treatment notes go to the supportability of the opinion. Here, the ALJ's analysis is clear and complies with the regulatory requirements as it addresses both factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The ALJ's decision is supported by substantial evidence and therefore a remand of the decision would be inappropriate.

RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence and comport with applicable law. As such, the undersigned **RECOMMENDS** that the Court **AFFIRM** the final decision of the Commissioner, and judgment be **GRANTED** for the Commissioner.

January 2, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed, or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985).

January 2, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:    Counsel of Record