UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00032-GNS-HBB

JOYCE L.                                                                                                       PLAINTIFF

v.

MARTIN J. O'MALLEY,
Commissioner of Social Security Administration[1]                                      DEFENDANT

## ORDER

This matter is before the Court on Plaintiff's Objection (DN 21) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 20). The matter is ripe for adjudication.

## I.  STATEMENT OF FACTS AND CLAIMS

In June 2020, Plaintiff Joyce L.[2] ("Plaintiff") filed applications for supplemental security income and disability insurance benefits. (Administrative R. 16, DN 8 [hereinafter R.]). Both applications were denied at the initial and reconsideration stages. (R. 28, 89, 91, 103-04). Thereafter, Plaintiff was granted a hearing before Administrative Law Judge Maribeth McMahon ("ALJ"), which was held telephonically on January 12, 2022. (R. 16).

On March 16, 2022, the ALJ issued an unfavorable decision, utilizing the five-step sequential process, concluding Plaintiff was not disabled from January 15, 2015, through the date of the decision. (R. 16-28). First, the ALJ noted that Plaintiff not engaged in any substantial

---

[1] On December 20, 2023, Martin J. O'Malley ("O'Malley") was sworn in as Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d)(1), O'Malley is substituted for his predecessor, Kilolo Kijakazi, as the proper defendant in this action. *See* Fed. R. Civ. P. 25(d) (a public officer's successor is automatically substituted as a party).
[2] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

gainful activity since the alleged onset date of January 1, 2020.  (R. 18).  Next, the ALJ opined that Plaintiff had the severe impairments of degenerative disc disease, hypertension, and obesity.  (R. 19).  At the third step, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the impairments listed in Appendix 1.  (R. 20).

The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform medium work, but is limited to:  (i) frequent reaching with bilateral upper extremities; (ii) limited pushing and pulling; lifting and carrying 50 pounds occasionally and 25 pounds frequently; (iii) sitting, standing, and walking each up to six hours in an eight-hour workday with normal breaks; (iv) frequent climbing ladders, ropes, scaffolds, ramps, and stairs; (v) frequent stopping, kneeling, crouching, and crawling; and (vi) avoiding concentrated exposure to vibrations.   (R. 21).  Finally, after considering Plaintiff's RFC, age, education, and past work experience, the ALJ concluded Plaintiff is capable of performing past relevant work as a laundry worker II and as a hospital housekeeper.  (R. 27).  As a result, the ALJ determined that Plaintiff was not disabled since January 1, 2020.  (R. 28).

Plaintiff requested and was denied review by the Appeals Council.  (R. 1-3, 167-70).  On March 2, 2023, Plaintiff initiated an action in this Court challenging the Commissioner's decision.  (Compl., DN 1); *see* 42 U.S.C. § 405(g).  Upon referral, the Magistrate Judge issued a Report and Recommendation ("R. & R.") that the ALJ's decision should be affirmed.  (R. & R. 20).  Plaintiff timely objected, and Defendant responded to the objection.  (Pl.'s Obj., DN 21; Def.'s Resp. Pl.'s Obj., DN 22).

## II. JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III. STANDARD OF REVIEW

The Federal Magistrates Act allows the designation of magistrate judges to issue "proposed findings of fact and recommendations for disposition . . . ." 28 U.S.C. § 636(b)(1)(B). Following the filing of the recommendation, each party may object within fourteen days. *See id.* § 636(b)(1). The objected parts of the report are reviewed by the district judge, who is free to accept, reject, or modify any findings or recommendations *de novo*. *See id.*; *see* Fed. R. Civ. P. 72(b). This differs from the standard for the ALJ's decision, which is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

Substantial evidence is such that "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (internal quotation marks omitted) (citation omitted). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *See Siterlet v. Sec'y of Health & Hum. Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). The Court should not attempt to resolve conflicts of evidence or questions of credibility but may consider any evidence in the record, regardless of whether cited in the ALJ's

decision. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted); *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV. DISCUSSION

Plaintiff challenges the R. & R. on the basis that the Magistrate Judge erred in finding the ALJ adequately considered the factors of supportability and consistency in evaluating the opinions of Nurse Practitioner Sue Robertson ("Robertson"). (Pl.'s Obj. 1). This is the same and sole argument that Plaintiff raised in her initial briefing. (Pl.'s Mem. Supp. Fact/Law Summ. 8, DN 14-1). Rehashing or reiterating a previously raised argument to the Magistrate Judge is not a proper objection under Fed. R. Civ. P. 72(b), and the Court will review the R. & R. only for clear error. *See Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (alteration in original) (quoting *Barratt v. Joie*, No. 96CIV0324LTSTHK, 2002 WL 335014, at *1 (S.D.N.Y. 2002))).

In evaluating the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). In short, supportability "refers to how the medical source's opinion is supported by the objective medical evidence and supporting explanations provided by that medical source." *Chaney v. Kijakazi*, No. 5:21-CV-112, TBR, 2022 WL 3586213, at *3 (W.D. Ky. Aug. 22, 2022) (citations omitted). As the Magistrate Judge noted, the ALJ did consider this factor and noted that the ALJ explained why Robertson's opinions were not considered persuasive. (R. & R. 6-7 (citing R. 24-

4

25)). This conclusion is supported by the record, and the Magistrate Judge did not err in rejecting Plaintiff's argument.

As to the factor of consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). The Magistrate Judge likewise found that the ALJ had properly considered the consistency of Robertson's opinions and rejected Plaintiff's argument. (R. & R. 6-7 (citing R. 24-25)). Based on this Court's review of the record, the Magistrate Judge did not err as to this issue as well.

For these reasons, Plaintiffs' objection is overruled.

## V. CONCLUSION

For foregoing reasons, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (DN 20) is **ADOPTED**, Plaintiff's Objection (DN 21) is **OVERRULED**, and the decision of the Commissioner is **AFFIRMED**. Judgment shall be entered in favor of the Commissioner. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

February 6, 2024

cc: counsel of record